**Gurdarshan SINGH, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71521.

Agency No. A77–424–505.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Patrick O. Cantor, Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Jennifer Lightbody, Hillel Smith, Anthony W. Norwood, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, LEAVY, and FISHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM[\*\*]

Gurdarshan Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence the BIA's credibility findings, *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996), and denial of an asylum claim, *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). We grant the petition for review, and remand.

The BIA's finding regarding Singh's credibility is unclear, and not supported by substantial evidence. *See, e.g., Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

The BIA's conclusion that, even assuming that Singh testified credibly, his claim nevertheless failed on grounds of changed country conditions is not supported by substantial evidence. The evidence of country conditions relied upon by the BIA did not rule out the individualized circumstances of alleged persecution testified to by Singh. The BIA referred to changes between the early 1990s and 1997 that showed "greatly improved" conditions in the Punjab and "now reflect a growing appreciation for human rights." However, the incidents upon which Singh bases his claims allegedly occurred in June and July 1998. The BIA's analysis of changed country conditions does not refer to any changes that occurred after July 1998, and the record does not contain such information. To the contrary, the most recent event to which the BIA refers as evidence of "changed circumstances" occurred eighteen months before the incidents alleged by Singh. Without information about country conditions during the relevant time period it is not possible to make the requisite individualized analysis of changed country conditions and "any reasonable fact-finder would be compelled to conclude that the country conditions information in the record is not sufficient to rebut the presumption of future persecution in this case." *Chand*, 222 F.3d at 1079.

We therefore grant the petition for review and remand for the agency to determine whether or not Singh is eligible for asylum or withholding of removal. *See Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 621–23 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[\*\*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

